IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAWNELLIAS BURGESS, )
)
    Plaintiff, ) NO. 3:09-0708
) JUDGE HAYNES
v. )
)
CAPITAL ONE BANK (USA), N.A., )
)
    Defendant. )

## MEMORANDUM

Plaintiff, Shawnellias Burgess, filed this pro se action[1] under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., against the Defendant Capital One Bank (U.S.A.), N. A., alleging that the parties reached a settlement agreement on his credit card account based upon Capital One's receipt and acceptance of his $1,500 check. (Docket Entry No. 43, Second Amended Complaint, ¶ 29). Plaintiff alleges that Defendant violated FCRA by not honoring this alleged settlement agreement. Before the Court are the parties' cross motions for summary judgment. (Docket Entry Nos. 26, 50 and 61).

### A. Findings of Fact[2]

---

[1]Plaintiff has filed actions in the state and federal courts of Tennessee seeking to prevent collection of his debts. See e.g., Burgess v. Citibank South Dakota, N.A., Case No. 3:09-00700 (M.D. Tenn. July 30, 2009); Burgess v. Merrick Bank Corp., Case No. 3:09-00708 (M.D. Tenn. July 31, 2009); Burgess v. Bank of America Home Loans, Case No. 3:09-00737 (M.D. Tenn. Aug. 10, 2009); Burgess v. Credit One Bank, Case No. 3:02-00767 (M.D. Tenn. Aug. 20, 2009); Burgess v. HSBC Bank Nevada, N.A., Case No. 3:09-00775 (M.D. Tenn. Aug. 24, 2009); Burgess v. CompuCredit Corp., Case No. 3:09-00823 (M.D. Tenn. Sept. 8, 2009).

[2]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where

On June 23, 2006, Plaintiff opened a credit card account with Capital One and thereafter, incurred thousands of dollars of charges on this account. (Docket Entry No. 2). Plaintiff does not dispute the amount of debt he incurred on this account, but insists that his partial payment of $1,500 with the notation "settlement in full per agreement 4/9/09" cancelled the balance of his debt. Defendant accepted the $1,500 partial payment, but did not satisfy Plaintiff's debt.

The Customer Agreement for Plaintiff's credit card provides in pertinent part:

> We can accept late payments or partial payments, or items marked "payment in full" or other similar language, or payments with a request to apply the payment in a particular manner, without losing any of our rights under this Agreement, including our right to receive payment in full. No payment shall operate as an accord and satisfaction without our prior written approval.
>
> \* \* \*
>
> We will not be bound by an restrictive legend or condition appearing on the face or reverse side of the check.

(Customer Agreement, Exhibit 1, Rutherford Affidavit). The Customer Agreement further provides that Defendant can file an action for amounts owed, courts costs, collection expenses and attorney's fees as well as report to any credit reporting agency.

### B. Conclusions of Law

As to Plaintiff's FCRA claims, the Defendant must furnish accurate consumer credit information to consumer reporting agencies arises under 15 U.S.C. § 1681s-2(a), but there is not a private right of action under 15 U.S.C. § 1681s-2(a) for furnishing allegedly inaccurate information. See Dajani v. New South Fed. Sav. Bank, No. M2007-02444-COA-R3-CV, 2008

---

there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed.R.Civ.P. 56(d).

WL 5206275, *3 (Tenn. Ct. App. 2008); Robinson v. Am. Honda Fin. Corp., No. 03-2220 B/A 2005 WL 1009568, *1 (W.D. Tenn. Mar. 31, 2005) (no private right of action under 15 U.S.C. § 1681s2(a)); see also Rossman v. Lazarus, No. 1:08-316 (JCC), 2008 WL 4181195, *7 (E.D. Va. Sept. 3, 2008) ("[T]here is no private right of action for violation of 15 U.S.C. § 1681s-2(a)."); Dajani, 2008 WL 5206275 at *3 (citing 15 U.S.C.A. § 1681s-2(d)) ( "The FCRA limits enforcement of consumer reporting agencies' duty to supply accurate information exclusively to certain federal and/or state officers." ). Thus, Plaintiff's claim that Defendant violated 15 U.S.C. § 1681s-2(a) fails to state a claim for relief.

As to Plaintiff's claim under 15 U.S.C. § 1681s-2(b) for allegedly failing to update and correct Plaintiff's credit information, Plaintiff must first assert that he properly filed a dispute with a consumer reporting agency. See Downs v. Clayton Homes, Inc., 88 Fed. Appx. 851, 853-54, 2004 WL 253363, *2 (6th Cir. Feb. 9, 2004) ("If it is assumed that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnished received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed.") Plaintiff has failed to prove that he filed a dispute with three major credit bureaus. To be sure, Defendant sent Plaintiff letters stating, in part, "[t]hanks for contacting us about your credit bureau report." (Docket Entry No. 15-10, 15-12). This showing did not establish notice to any consumer report agency. Plaintiff fails to present proof for his claim under 15 U.S.C. § 1681s-2(b).

Assuming appropriate notice, Plaintiff must also prove that Defendant failed to investigate under 15 U.S.C. § 1681s-2(b) after the consumer reporting agency notified the Defendant of the dispute within five business days. See Krienke v. Chase Home Fin., LLC, No. 35098-O-II, 2007 WL 2713737, *6 (Wash. App. Div. Sept. 18, 2007) (Under 15 U.S.C. § 1681

Case 3:09-cv-00708 Document 77 Filed 04/30/10 Page 3 of 6 PageID #: 611

i(a)(1), "[t]he CRA must provide notification of the dispute to the person who furnished the information within five business days from the day the dispute notice was filed. Section 1681i(a)(2). Section 1681s-2(b) only takes effect once a furnisher of information receives notice under § 1681i(a)(2) of a dispute regarding the accuracy of the information"). Plaintiff has not made no such showing nor proven that Defendant ever received notice of his dispute from any consumer reporting agency regarding Plaintiff's account. Thus, Plaintiff claim fails to state grounds for relief. See Zager v. Deaton, No. 1-03-1153, 2005 WL 2008432, *4 (W.D. Tenn. Aug. 16, 2005) ("to trigger the duties under the FCRA, [the defendant] had to be notified of plaintiff's dispute <u>by a credit reporting agency</u>.") (emphasis in original).

Plaintiff's claim for violation of 15 U.S.C. § 1681b is that his credit card account is closed. Yet, the undisputed fact is that his account remains open because Plaintiff has a remaining balance. In any event, Defendant had a permissible purpose for obtaining information about Plaintiff from credit reporting agencies. Defendant has "a legitimate need to know about his creditworthiness." Baker v. Am. Express Travel Related Servs. Co., Inc., No. CIV. A. 02-26-JBC, 2002 WL 1205065, *2 (W.D. Ky. 2002). See also 15 U.S.C. § 1681b(a)(3)(A)-(F)(ii). The parties' Customer Agreement provides:

> **Credit Bureau Information**. You agree that we may obtain information about you from credit reporting agencies or others at any time and use it for the purposes of monitoring your credit performance, managing your account and considering you for new offers and programs.

(Customer Agreement, Exhibit 1 to Rutherford Affidavit).

Under the Customer Agreement, any claims are governed by Virginia and federal law. "Under Tennessee law, where a contract includes a choice of law provision, 'questions of

4

contract interpretation are governed by the law of the state the parties intended.'" Fidelity Nat'l Title Ins. Co. v. Archer Land Title, LLC, No. 3:07-cv-0213, 2007 WL 3231847, *3 (M.D. Tenn. Oct. 30, 2007) (citations omitted). This is also consistent with Virginia's treatment of choice of law provisions. See Perez v. Capital One Bank, 522 S.E.2d 874, 875 (Va. 1999).

Plaintiff credit card account is governed by the customer agreement. See e.g., Perez, 522 S.E.2d at 875. Under Virginia law, "[w]hen the language of the contract is clear and unambiguous, the words of the agreement itself govern the rights and responsibilities of the parties." Modern Cont'l South v. Fairfax County Water Auth., No. 225019, 2006 WL 408412, *19 (Va. Cir. Ct. Feb. 9, 2006). The language of the Customer Agreement clearly precludes partial payment to extinguish any debt, and thus, the parties never had a settlement agreement. See Citibank (South Dakota), N.A. v. Maniaci, No. 11582/07, 2009 WL 865605, *2 (N.Y. Dist. Ct. Mar. 30, 2009).

Plaintiff also cannot satisfy the applicable Virginia statutory requirements of an accord and satisfaction. In Virginia, accord and satisfaction requires proof that within a reasonable time before the tender, a conspicuous statement was provided to Plaintiff that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, must be sent to a designated person, office, or place. Va. Code Ann. § 8.3A-311(c)(1). Tennessee law is in accord. See Quality Care Nursing Servs., Inc. v. Coleman, 728 S.W.2d 1, 4 (Tenn. 1987) ("[W]e do not believe that it accords with current business practices and dealings, especially in the present age of data processing and computer billing, to hold, as appellee insists, that the mere receipt and cashing of a check marked as payment in full conclusively establishes an accord and satisfaction.").

5

Plaintiff's pleadings and evidence reflect that the $1,500 partial payment was mailed to Capital One General Correspondence, P.O. Box 30285, Salt Lake City, Utah 84130-0285, the wrong address. (Docket Entry No. 43, Second Amended Complaint ¶¶ 14-15; April 9, 2009 and Docket Entry No. 15-7; $1,500 Check; Docket Entry No. 15-9). Moreover, Plaintiff subsequently sent two additional letters referencing the purported settlement agreement to the wrong address. (Second Amended Complaint ¶¶ 20, 22, Docket Entry No. 43; May 5, 2009 Correspondence; Docket Entry No. 15-11; May 28, 2009 Correspondence; Docket Entry No. 15-13). The Court concludes that Plaintiff has not demonstrated any accord and satisfaction under Virginia or Tennessee law.

As Defendant's counterclaim for all amounts due, given Plaintiff's default, the Court concludes that Defendant is entitled to the unpaid balance of the Plaintiff's account. Where, as here, a contract authorizes attorney's fees and costs, then these amounts are also recoverable as the Capital One Customer Agreement provides for such recovery. See West Square, LLC v. Communication Techs, Inc., 649 S.E.2d 698, 702-04 (Va. 2007) (recognizing that a party may recover attorney's fees and costs pursuant to a contractual provision).

Accordingly, the Plaintiff's motion for summary judgment (Docket Entry Nos. 26, 50) should be denied and Defendant's motion for summary judgment (Docket Entry No. 61) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 30th day of April, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

6

Case 3:09-cv-00708  Document 77  Filed 04/30/10  Page 6 of 6 PageID #: 614